UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEAN ZOULEK,

          Plaintiff,

v.                                                          Case No. 22-cv-1464-bhl

GANNETT CO INC and A MARKETING
RESOURCE LLC,

          Defendants.

## ORDER ON MOTION TO STRIKE

No one likes uninvited telemarketing calls, yet they seemingly remain ubiquitous. Despite unified disdain for the practice, and a federal law—the Telephone Consumer Protection Act (TCPA)—that arguably proscribes many of them, the barrage of robocalls persists, as this lawsuit demonstrates. Plaintiff Jean Zoulek's complaint alleges that between August and December 2022, Defendant A Marketing Resource, LLC (AMR) called her at least 17 times, in violation of the TCPA, in an unwanted and unrequited effort to get her to resubscribe to the *Milwaukee Journal Sentinel*. Her complaint seeks certification of two nationwide classes comprising similarly hounded individuals. AMR has moved to strike the class allegations. Because the allegations are not facially defective, that motion will be largely denied, with the Court striking only those allegations related to a potential Rule 23(b)(2) class.

### FACTUAL BACKGROUND[1]

Jean Zoulek registered her phone number on the National Do Not Call registry (DNC) on December 16, 2006. (ECF No. 1 ¶29.) Inclusion on the DNC indicates a consumer's desire not to receive solicitation by phone. (*Id.* ¶7.) This desire "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." 47 C.F.R. § 64.1200(c)(2). As of 2022, Zoulek had not cancelled her registration, nor had her number been removed from the DNC by an administrator. (ECF No. 1 ¶¶29, 51.)

---

[1] These facts are drawn from Zoulek's complaint. (ECF No. 1.)

Zoulek did, however, cancel *something* in 2022. In June of that year, she ended her nearly 40-year subscription to the *Milwaukee Journal Sentinel*. (*Id.* ¶31.)

Shortly thereafter, she received a call from A Marketing Resource, LLC (AMR)—a telemarketing company contracted to perform sales and customer retention work for Gannett Co., Inc., the owner of the *Journal Sentinel*. (*Id.* ¶¶17-20, 32.) AMR offered Zoulek the "opportunity" to resubscribe to the *Journal Sentinel* at a discounted rate. (*Id.* ¶35.) Zoulek stated that she did not want to resubscribe and asked AMR to cease contact. (*Id.*) AMR did not honor that request. Instead, from August 19, 2022 to December 2, 2022, it called Zoulek at least 17 additional times. (*Id.* ¶¶36-38.) On nearly every occasion, Zoulek answered and reiterated that she did not want to receive any more phone calls. (*Id.*) Yet the calls did not stop until early December 2022, around the time Zoulek filed this lawsuit. (*Id.*)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." That said, motions to strike are generally "disfavored." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). And though Federal Rule of Civil Procedure 23 permits courts to "deny class certification even before the plaintiff files a motion requesting certification," *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011), class allegations should only be stricken at this early stage when they "are facially defective and definitively establish that a class action cannot be maintained." *Wolfkiel v. Intersections Ins. Servs., Inc.*, 303 F.R.D. 287, 292 (N.D. Ill. 2014) (quoting *Wright v. Fam. Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010)).

To determine the facial viability of the pleadings, the Court applies Rule 23, which governs class certification. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Rule 23 first requires the party seeking certification to demonstrate, by a preponderance of the evidence, that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4); *see Chi. Tchrs. Union, Local No. 1 v. Bd. of Educ. of City of Chi.*, 797 F.3d 426, 432-33 (7th Cir. 2015). The movant must then satisfy one of the three requirements found in Rule 23(b). *See Dukes*, 564 U.S. at 345. In this case, Zoulek invokes Rules 23(b)(2) and 23(b)(3). Rule 23(b)(2) is applicable where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(b)(3) requires the Court to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

## ANALYSIS

Zoulek's complaint proposes two nationwide classes under Fed. R. Civ. P. 23(b)(2) and 23(b)(3):

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) AMR called on behalf of Gannett more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendants called Plaintiff.
>
> **Internal Do Not Call Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) AMR called on behalf of Gannett more than one time, (2) within any 12-month period (3) for substantially the same reason Defendants called Plaintiff, (4) including at least once after the person requested that they stop calling.

(ECF No. 1 at 9-10.) AMR argues that these classes should be stricken for three reasons: (1) neither is amenable to certification under Rule 23(b)(2); (2) both fail the predominance inquiry under Rule 23(b)(3); and (3) Zoulek is an atypical, inadequate representative for the "Do Not Call Registry Class." (ECF No. 20 at 2-3.) The first is true, though not fatal—a movant seeking class certification need satisfy only one of Rule 23(b)'s requirements. The second and third are not properly resolved at this stage of the proceedings.

## I.     Zoulek Cannot Certify Classes Under Rule 23(b)(2).

Rule 23(b)(2) speaks only of "injunctive" or "declaratory" relief. But that does not make it anathema to any case where the class seeks money damages. "When the main relief sought is injunctive or declaratory, and the damages are only 'incidental,' [a] suit can be maintained under

Rule 23(b)(2)." *In re Allstate Ins. Co.*, 400 F.3d 505, 507 (7th Cir. 2005) (citations omitted). The question is whether the injunction is more headliner or opening act. *See Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 893 (7th Cir. 2011) ("An injunction is not a final remedy if it would merely lay an evidentiary foundation for subsequent determinations of liability."); *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 826 (7th Cir. 2011) (rejecting certification under Rule 23(b)(2) where "[t]he monetary tail would be wagging the injunction dog").

Zoulek's complaint seeks both equitable and monetary relief. (ECF No. 1 ¶¶60, 63.) The monetary relief she seeks, however, is obviously not auxiliary to the injunction she also requests; it is the lawsuit's principal aim and not capable of "mechanical" "computation." *In re Allstate Ins. Co.*, 400 F.3d at 507; *see Wolfkiel*, 303 F.R.D. at 293 (striking Rule 23(b)(2) class allegations brought pursuant to the TCPA because the Act "provides for statutory damages for every violation," which means monetary relief is not "incidental"). On its face, then, the complaint is incapable of identifying a class that would be properly certified under Rule 23(b)(2). For that reason, Zoulek's class allegations related to certification under Rule 23(b)(2) are stricken.

## II. Zoulek's Proposed Classes Are Not Necessarily Incapable of Satisfying Predominance.

To satisfy Rule 23(b)(3), the proponent of class certification must demonstrate that "questions of law or fact common to class members predominate." This requirement is satisfied when the proceeding will "generate common *answers* apt to drive the resolution of the litigation," *Dukes*, 564 U.S. at 350 (citation omitted), and those answers respond to "common questions [that] represent a significant aspect of [the] case and can be resolved for all members of a class in a single adjudication." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) (citation omitted). AMR argues that neither of Zoulek's proposed classes can clear Rule 23(b)(3)'s predominance bar because each would ultimately depend upon an overwhelming number of class-member-specific inquiries.

For example, the definition of the "Internal Do Not Call Class" includes only those persons who received a phone call from AMR "at least once after the person requested that they stop calling." (ECF No. 1 at 9-10.) Courts in this circuit have granted motions to strike similar class allegations in suits brought pursuant to the TCPA because "[i]n order to determine whether each potential class member [asked to stop receiving phone calls] at the pertinent time, the Court would have to conduct class-member-specific inquiries for each individual." *Wolfkiel*, 303 F.R.D. at 294; *see Cholly v. Uptain Grp., Inc.*, No. 15 C 5030, 2017 WL 449176, at *4 (N.D. Ill. Feb. 1, 2017);

*Tillman v. Hertz Corp.*, No. 16 C 4242, 2019 WL 3231377, at *2 (N.D. Ill. July 18, 2019). But at this stage—recall that the parties have exchanged no discovery—the Court cannot say that the "Internal Do Not Call Class" is necessarily defective. Unlike the plaintiffs in *Wolfkiel*, *Cholly*, and *Tillman*, Zoulek claims that the information necessary to identify members of the "Internal Do Not Call Class" is centrally located in AMR's ascertainable business records. *See Lanteri v. Credit Prot. Ass'n L.P.*, No. 1:13-cv-1501-WTL-MJD, 2018 WL 4625657, at *6 (S.D. Ind. Sept. 26, 2018) (finding predominance satisfied where evidence of TCPA revocation existed absent the need for individual inquiries); *Etzel v. Hooters of Am., LLC*, 223 F. Supp. 3d 1306, 1315 (N.D. Ga. 2016) (distinguishing *Wolfkiel* where the plaintiff alleged the defendant had "a centralized, ascertainable list of cell numbers . . . along with opt-out dates," which would "reduce the need for individual inquiries"). Discovery may eventually prove the "Internal Do Not Call Class" unworkable, but based on the record before it, the Court cannot make that determination now.

AMR raises a similar argument with respect to the "Do Not Call Registry Class." The DNC does not prohibit calls to persons with whom the caller has an "established business relationship," unless the person has made a "seller-specific do-not-call request." 47 C.F.R. § 64.1200(f)(5)(i). An "established business relationship" is defined as:

> a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity with the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call.

*Id.* at (f)(5). Under this conception, Zoulek had an established business relationship with Gannet, which AMR argues permitted it—acting as Gannet's agent—to contact her unless and until she made a "seller-specific do-not-call request." This question—whether Zoulek made the requisite "do-not-call request"—would also apply to any other putative class members who had established business relationships with Gannet. And resolving these discrete questions would result in a series of mini-trials.

While this is a plausible scenario in which the "Do Not Call Registry Class" might fail, it does not represent the inevitable. Thus, once again, striking allegations at this stage would be premature. In her response brief, Zoulek acknowledged that the "Do Not Call Registry Class" is not presently defined to require revocation of consent or termination of an established business

relationship. (ECF No. 24 at 2 n.1.) But she also stated, "to the extent discovery demonstrates the existence of an established business relationship or consent with some but not all potential class members, Plaintiff will limit the class to individuals for whom Defendant's records reflect a do not call request." (*Id.*) This underscores the trouble with making a predominance determination on a sparse factual record. First, as a third-party telemarketer, it appears, but is not certain, that AMR may rely on Gannett's alleged established business relationships to call individuals like Zoulek without running afoul of the TCPA. *See Wolfkiel*, 303 F.R.D. at 291. But if discovery reveals that the established business relationship exemption does not apply to AMR, then the argument against predominance falls apart. And even if AMR is vicariously entitled to Gannett's established business relationship exemption, the redefinition Zoulek proposes would seem to eliminate any concern that individual inquiries might predominate. *See Messner*, 669 F.3d at 825 (holding that rather than striking class allegations, district courts should often "refin[e] the class definition"). At this juncture, on this record, even refinement is premature. The class allegations are plausible. At the pleading stage, that is enough.

### III. The Court Cannot Conclude as a Matter of Law that Zoulek Would Be an Atypical or Inadequate Representative for the "Do Not Call Registry Class."

Under Rule 23(a)(3), a class representative must have claims typical of other class members. Under Rule 23(a)(4), she must also fairly and adequately represent the other members' interests. In many cases, these requirements merge. *See CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724 (7th Cir. 2011) (quoting Fed. R. Civ. P. 23(a)(4))). But whether she is atypical or inadequate, caselaw is clear that "[w]here it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative." *Koos v. First Nat'l. Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974).

AMR argues that Zoulek cannot satisfy the typicality or adequacy requirements with respect to the "Do Not Call Registry Class" because she is subject to the potentially unique "established business relationship" defense. (ECF No. 20 at 9-10.) For the same reasons just explained, that argument, at this stage of the proceedings, is insufficient to support a motion to strike. Indeed, the redefinition Zoulek proposed in her response brief would also tend to dispel any concerns about her typicality or adequacy if it turns out that she is subject to an established business relationship defense.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant A Marketing Resource, LLC's Motion to Strike Class Allegations, ECF No. 20, is **GRANTED**, **in part**, and **DENIED**, **in part**. The motion is granted with respect to allegations relating to any Fed. R. Civ. P. 23(b)(2) class, and those allegations are **stricken**. The balance of the motion is denied.

Dated at Milwaukee, Wisconsin on May 18, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge